KAREN P. HEWITT
United States Attorney
CAROL M. LEE
Assistant U.S. Attorney
California Bar No. 219246
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6235
Facsimile: (619) 557-5004
Email: carol.lee@usdoj.gov

Attorneys for Petitioner
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   )   Civil No. 08 CV 0963 IEG CAB
                            )
            Petitioner,     )   PETITION TO ENFORCE INTERNAL
                            )   REVENUE SERVICE SUMMONS
      v.                    )
                            )
DAVID REYES, JR.,           )
                            )
            Respondent.     )
_____)

Petitioner, the United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carol M. Lee, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

   1.   This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

   2.   Jurisdiction over these proceedings is conferred upon this Court by the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because David Reyes, Jr., ("Respondent") resides in this district.

4. At all times relevant, S. Silverman, who issued the summons to Respondent, was a Revenue Officer with the IRS, employed in the California Area, Long Beach Territory 1, Group 15, of the Small Business/Self-Employed Division of the IRS in San Diego, California. See Declaration of Revenue Officer S. Silverman at ¶ 1 ("Silverman Decl."). Revenue Officer S. Silverman was authorized to issue an IRS summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treas. Reg. § 301.7602-1.

5. Respondent resides at 13500 Ginger Glen Road, San Diego, California, 92130, which is within the jurisdiction of this Court.

6. On June 27, 2007, Revenue Officer Silverman issued two administrative summonses to Respondent, directing Respondent to appear before him on July 17, 2007, at 9:00 a.m. at 880 Front Street, San Diego, California, to give testimony and to produce for examination the documents and records specified in the summonses. The first summons, IRS Form 2039 ("Form 2039"), was issued to determine Respondent's ability to pay and concerned collection of his assessed income tax liability for the tax years 1999 to 2005. The second summons, IRS Form 6638 ("Form 6638"), seeks income tax return information for the unfiled tax years of 1995, 1996, 1998, and 2005. A copy of the summonses are attached to Officer Silverman's Declaration as Exhibit A. As detailed in this Petition, Respondent substantially complied with the first summons ("Form 2039") and the United States is not seeking enforcement of it. However, the United States is seeking enforcement of the second summons ("Form 6638") because to date, Respondent has not complied with this summons.

4.   On June 29, 2007, Revenue Officer Silverman served both summonses by handing an attested copy of each to the Respondent.

5.   On July 17, 2007, Respondent failed to appear. However, on this date, Revenue Officer Silverman received a telephone call from Steven Mopsick who said that he was Respondent's attorney and that he was in the process of gathering the necessary documents to prepare the tax returns and needed additional time till July 20, 2007, which Revenue Officer Silverman granted.

6.   On July 20, 2007, neither Respondent nor his attorney Steven Mopsick contacted Revenue Officer Silverman. On July 25, 2007, Revenue Officer Silverman received some documents in partial compliance with the summonses from Mr. Mopsick via facsimile. However, the information was insufficient and not in full compliance with the summonses.

7.   On October 12, 2007, Revenue Officer Silverman met with the Respondent at his office, who appeared in response to a "last chance" letter from the IRS Counsel's Office. During the meeting Respondent said he needed an extension and that "Powell and Associates" was preparing Respondent's tax returns. At this meeting Revenue Officer Silverman told Respondent that if the summonses were not complied with in two weeks, his case would be referred for enforcement.

8.   On October 16, 2007, Revenue Officer Silverman spoke to Mr. Mopsick and granted another extension until October 31, 2007, for Respondent to provide the balance of the financial information and an extension until November 29, 2007, to have all the income tax information submitted. Ultimately, Respondent did comply with the financial statement summons (IRS Form 2039). However, Respondent still needs to comply with the income tax return information summons (Form 6638).

1     9. Shortly thereafter, due to the San Diego wildfires, all summons enforcement was placed on hold until January 2008. On December 6, 2007, per Mr. Mopsick's request, Revenue Officer Silverman granted another extension until January 2, 2008, to file all the returns and provide updated information. On January 7, 2008, Mr. Mopsick informed Revenue Officer Silverman that he was only acting as Respondent's power of attorney.

    10. On February 11, 2008, Revenue Officer Silverman spoke to Respondent's live-in girlfriend or fiance, Julie Williams, who said that Respondent had his own business, Reyes Consulting. Revenue Officer has had no further contact with Respondent or anyone acting on behalf of Respondent.

    11. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. Silverman Decl. at para. 14.

    12. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6. F.3d 1407 (9th Cir. 1993). The burden on the Government is a "slight one" and may be satisfied by presenting the declaration of the agent who issued the summons and is seeking enforcement. Id. (citing United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990) (other citations omitted)). Once a prima facie case has been made, "a 'heavy' burden falls on the taxpayer" to show an abuse of the court's process or lack of institutional good faith,

1  Dynavac, 6 F.3d at 1280, and respondent "must allege specific facts
2  and evidence to support his allegations." Liberty Financial Services
3  v. United States, 778 F. 2d 1290, 1292 (9th Cir. 1985) (citation
4  omitted).  This matter may be decided on the written record in a
5  summary proceeding. Hotz v. United States, 96-1 USTC para. 50,097 at
6  p. 83,363 (E.D. Calif. 1996).  To be entitled to an evidentiary
7  hearing, a respondent must make some showing to refute the United
8  States' prima facie case or present facts supporting an affirmative
9  defense.  See Fortney v. United States, 59 F.3d 117, 121 (9th Cir.
10 1995).

11     13.  Revenue Officer Silverman is conducting an investigation to
12 determine Respondent's income tax return information for the unfiled
13 tax years of 1995, 1996, 1998, and 2005. Silverman Decl. at para. 4.

14     14.  Section 7602(a) of the Code specifically allows the issuance
15 of a summons for the purpose of "determining the liability of any
16 person for any internal revenue tax . . . or collecting any such
17 liability . . . ." 26 U.S.C. §7602(a). Therefore, Revenue Officer
18 Silverman's investigation is being conducted pursuant to a legitimate
19 purpose specifically authorized by statute.

20     15.  Further, the testimony, books, papers, records, or other
21 data sought by the summons are not already in the possession of the
22 IRS and the administrative steps required by the Code, including
23 proper service, have been followed. Silverman Decl. at para. 13 and
24 14.

25     16.  Respondent is in possession and control of the testimony and
26 documents concerning the above-described investigation.

27     17.  The Internal Revenue Code permits the Secretary to summon
28 the records of any person "which may be relevant or material" to the

1  investigation. 26 U.S.C. § 7602(a)(1). It is well-settled that to
2  satisfy the relevancy requirement set forth in <u>Powell</u>, the United
3  States must demonstrate that the summoned information may throw light
4  on the subject of the investigation. <u>Abrahams</u>, 905 F.2d at 1281;
5  <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 813-14, n. 11
6  (1984). This standard necessarily presents a low threshold because
7  of the inherent difficulties in ascertaining, prior to examination,
8  how much use the summoned records will be in determining the
9  collectibility of a person's tax liability and whether a person has
10 an income tax liability for a specific period. The Supreme Court has
11 observed that:

> [a]s the language of §7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court . . . . The language 'may be' reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know which data will be relevant until it is procured and scrutinized.

17 <u>Arthur Young & Co.</u>, 465 U.S. at 814 (internal citation omitted)
18 (emphasis in the original). This low threshold of relevance also
19 follows from the language of the Code, which authorizes the
20 investigation of persons who "may be liable" for taxes. 26 U.S.C.
21 § 7601.

22    18. Under the instant circumstances, it is clear that the
23 summoned material is relevant. The purpose of Revenue Officer
24 Silverman's investigation is to determine Respondent's income tax
25 return information for the unfiled tax years of 1995, 1996, 1998, and
26 2005. The Summons seeks, among other things, " . . . all bank
27 statements, checkbooks, canceled checks, savings account passbooks,
28 records, or certificates of deposit . . . ." Silverman Decl. at

Exhibit A (Form 6638). The documents sought by this summons are clearly relevant to determine Respondent's income tax return information for the unfiled tax years of 1995, 1996, 1998, and 2005.

19. There is no Department of Justice referral for criminal prosecution in effect with respect to Respondent. Silverman Decl. at para. 16.

WHEREFORE, the United States requests that:

1. The Court enter an order directing Respondent, David Reyes, Jr., to show cause, if any, why he should not comply with and obey the above-described summons (Silverman Decl. at Exhibit A, Form 6638) served on him personally on June 27, 2007, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Officer S. Silverman, or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Officer Silverman or any other proper officer or employee of the Internal Revenue Service.

2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3. That the Court grant such other and further relief as may be required.

DATED: 5/29/08

KAREN P. HEWITT
United States Attorney

CAROL M. LEE
Assistant U.S. Attorney

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | DAVID REYES, JR. |

FILED
2008 MAY 30 PM 12:40
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CAROL M. LEE
880 FRONT STREET, ROOM 6293
SAN DIEGO, CA 92101-8893
(619) 557-6235

ATTORNEYS (IF KNOWN)

'08 CV 0963 IEG CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Petition to Enforce Internal Revenue Service Summons   USC 7402(b)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury-Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] Marine | [ ] 315 Airplane Product | | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC | [ ] 410 Antitrust |
| [ ] Miller Act | [ ] 320 Assault, Libel & | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related of Property 21 USC881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of &Enforcement of Judgment | | [ ] 368 Asbestos Personal Product Liability | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [X] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced Corrupt Organizations |
| [ ] 152 Recovery of Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | [ ] 660 Occupational | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 153 Recovery of of Veterans Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 850 |
| | | [ ] 371 Truth in Lending | LABOR | [ ] 862 Black Lung (923) | Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge |
| [ ] Other Contract | [ ] 360 Other Personal | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product | | | [ ] 730 Labor/Mgmt. Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | [ ] 893 Environmental |
| | | | [ ] 740 Railway Labor Act | [X] 870 Taxes (U.S. or Defendant) | [ ] 894 Energy Allocation |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Habeas Corpus | [ ] 790 Other Labor | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [ ] 791 Empl. Ret. Inc. | | [ ] 900 Appeal of Fee Under Equal Access to |
| [ ] 230 Rent Lease & | [ ] 443 | [ ] 530 General | Security Act | | |
| [ ] 240 Tort to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of |
| [ ] 245 Tort Product | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory |
| [ ] 290 All Other Real | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removal from State Court
[ ] 3 Remanded from Appelate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE
Docket Number

DATE: 5/30/08

SIGNATURE OF ATTORNEY OF RECORD
CAROL M. LEE, AUSA